**NAIDICH LAW**
Zachary Naidich (ZN-1449)
137 5th Ave., 9th Fl.
New York, NY 10010
646.661.5694
ZNaidich@naidichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
WILLIAM ORGERA,

                                                Docket No.: 25-cv-1194

                              *Plaintiff,*
            -against-                           **COMPLAINT**

NICHOLAS PELLEGRINI, IAN DINNALL, and           **Jury Trial Demanded**
NFRP CATERING, INC. d/b/a SEA CLIFF MANOR,

                              *Defendant(s).*
------------------------------------------------------------------

Plaintiff WILLIAM ORGERA ("**Plaintiff**"), by and through their undersigned counsel, NAIDICH LAW, hereby alleges, as and for their Complaint against NICHOLAS PELLEGRINI, IAN DINNALL, and NFRP CATERING, INC. d/b/a SEA CLIFF MANOR, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to recover unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "**FLSA**") and the New York Labor Law § 190 *et seq.* ("**NYLL**").

2.      Plaintiff seeks compensatory damages for the value of illegally appropriated tips, liquidated damages, pre- and post-judgment interest, and attorneys' costs and fees.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 & 1337 and 29 U.S.C. § 216(b).

4.      This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and1367

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all parties are located within the Eastern District of New York.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

7.      Plaintiff WILLIAM ORGERA ("**Orgera**") is a natural person residing in Nassau County, New York. Defendants employed Orgera as a bartender from in or around 2019 to around 2023.

8.      Defendant NFRP CATERING, INC d/b/a SEA CLIFF MANOR ("**Sea Cliff**") is a domestic business corporation organized under the laws of the State of New York. Upon information and belief, Sea Cliff owns property located at 395 Prospect Avenue, Sea Cliff, New York 11579 and owns/operates a private event and/or catering service from said property.

9.      Upon information and belief, the Sea Cliff is an enterprise engaged in commerce within the meaning of the FLSA.

10.     Defendant NICHOLAS PELLEGRINI ("**Pellegrini**") is a natural person residing in Nassau County, New York. Upon information and belief, Pellegrini owns, operates, and controls Sea Cliff, including setting payroll and tipping policy and hiring and firing employees.

11.     Defendant IAN DINNALL ("**Dinnall**") is a natural person residing in Nassau County, New York. Upon information and belief, Dinnall managed operations at Sea Cliff and exercised control over Plaintiff's employment.

12.     Upon information and belief, Pellegrini and Dinnall managed and maintained operational control over Sea Cliff, including determining wages and compensation, establishing work schedules, maintaining employment records, and making decisions with respect to hiring and firing employees.

13.     At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff, and all similarly situated employees, within the meaning of the FLSA and NYLL.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, both individually and on behalf of a class consisting of all waiters and/or bartenders employed by Defendants at the Venues (the "**Class Period**") at any time from 2019 through entry of judgment in this case (the "**Class Period**").

15.     The number and identity of the Class members are readily ascertainable from Defendants' records. Notice can be provided by means permissible under Rule 23.

16.     The Class Members are so numerous that joiner of all parties is impracticable. Upon information and belief, there are in excess of 50 Class Members.

17.     Common questions of law and fact exist and predominate over questions affecting individual Class Members, including, but not limited to:

      a. whether Defendants employed Plaintiff and the Class Members within the meaning of the FLSA;

      b. whether Defendants employed Plaintiff and the Class Members within the meaning of NYLL;

      c. whether Defendants failed and/or refused to pay tips to Plaintiff and the Class Members;

      d. whether Defendants misappropriated tips from Plaintiff and the Class Members;

3

e.  whether Defendants promulgated and/or implemented the illegal tip scheme;

f.  whether Defendants' illegal conduct was willful or with reckless disregard for the law; and

g.  whether Defendants are jointly and severally liable for damages including, but not limited to, compensatory damages, liquidated damages, interest, and attorneys' costs and fees.

18.  Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was employed by Defendants and worked pursuant to Defendants' official and/or unofficial tip policies, practices, and procedures.

19.  If Defendants are liable to Plaintiff for the claims set forth in this Complaint, they are also liable to all Class Members.

20.  Plaintiff and their Counsel will fairly and adequately represent the Class Members. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages. Plaintiff's counsel is competent and experienced in wage and hour litigation and is well-prepared to represent the Class Member's interests.

21.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies, practices, and procedures.

22.  Defendants are sophisticated parties with significant resources. The Class Members lack adequate resources necessary to vigorously prosecute this action.

23.  Class action litigation will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

**STATEMENT OF FACTS**

24.     Sea Cliff is a private wedding and event space and/or catering service that hosts one event per night.

25.     Upon information and belief, these events are staffed by approximately 14 tipped employees, including waiters and/or bartenders.

26.     Defendants' clients could and did leave tips for their waiters and bartenders by providing cash envelopes to Pellegrini and/or Dinnall, which, upon information and belief, they understood and believed would be given to the waiters and bartenders as an additional gratuity.

27.     Upon information and belief, during certain select event guests could and did leave credit card tips for their waiters and bartenders.

28.     Plaintiff was employed by Defendants as a Sea Cliff bartender from in or around 2019 to around 2023. During this period, he worked an average of three days per week.

29.     Upon information, Sea Cliff clients and guests would regularly leave tips for Plaintiff and the Class Members' benefit.

30.     Upon information and belief, Defendants retained most or all of these tips for themselves.

31.     Upon information and belief, Defendants intentionally, willfully, and repeatedly followed a pattern, practice, and/or policy of expropriating tips for themselves and refusing to disburse tips to the Class Members, including Plaintiff.

## CAUSES OF ACTION

### COUNT ONE
### UNLAWFUL DEDUCTIONS
### Under the Fair Labor Standards Act
(Against All Defendants)

32.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

33.    At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Class Members within the meaning of the FLSA.

34.    Defendants, individually and/or jointly, willfully expropriated and/or retained money intended as gratuity for Plaintiff and the Class Members.

35.    Defendants, individually and/or jointly, willfully redistributed tips from Plaintiff and the Class Members to themselves.

36.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

### COUNT TWO
### UNLAWFUL DEDUCTIONS
### under New York Labor Law
(Against All Defendants)

37.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

38.    At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Class Members within the meaning of NYLL.

39.    Defendants, individually and/or jointly, willfully expropriated and/or retained money intended as gratuity for Plaintiff and the Class Members.

6

40.    Defendants, individually and/or jointly, willfully redistributed tips from Plaintiff and the Class Members to themselves.

41.    As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of themselves and the Class Members, respectfully requests that this Court:

a) authorize the issuance of notice to all Defendant's tipped employees who were employed during the six years immediately preceding the filing of this Complaint;

b) certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

c) award Plaintiff and the Class Members compensatory damages, liquidated damages, pre- and post-judgment, and attorneys' fees and costs; and

Dated: New York, New York
       March 3, 2025

_Zachary Naidich_
Zachary Naidich (ZN-1449)