

(646) 665-1060
ZNaidich@NaidichLaw.com
www.NaidichLaw.com

October 16, 2025

**VIA ECF**

Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      **Re: William Orgera v. NFRP Catering, Inc. d/b/a Sea Cliff Manor,**
      <u>**Index No. 25cv1194 Request to Approve Settlement**</u>

Dear Judge Seybert,

Plaintiff WILLIAM ORGERA ("**Plaintiff**"), on behalf of himself and defendant NFRP CATERING, INC. d/b/a SEA CLIFF MANOR ("**Defendant,**" and with Plaintiff, the "**Parties**")[1], respectfully requests this Court approve the Parties' Settlement Agreement, annexed hereto as **Exhibit 1** (the "**Agreement**") as a fair and reasonable resolution of Plaintiff's Fair Labor Standards Act (the "**FLSA**") and New York Labor Law ("**NYLL**") claims and for dismissal of this action with prejudice.

Plaintiff commenced this action on March 3, 2025, alleging Defendant and Individual Defendants violated the FLSA and NYLL by unlawfully retaining some or all of the tips Plaintiff earned while tending bar on a part time basis from 2019 to 2023. Defendant and Individual Defendants have and continue to deny all material allegations set forth in the Action.

Following extensive good faith negotiations, the Parties have agreed to settle all Plaintiff's claims for $30,000 (including $8,334 in attorneys' fees and costs).

---

[1] In addition to Defendant, this action was also filed against Nicholas Pellegrini, and Ian Dinnall (collectively, "Individual Defendants"). On October 17, 2025, Plaintiff filed a Stipulation of Dismissal with Prejudice as against the Individual Defendants (ECF No. 14).

**The Agreement Is Fair & Reasonable**

The reasonableness of a settlement is determined based on the totality of the circumstances, including, but not limited to, (1) the potential range of recover, (2) the anticipated costs and burdens of continued litigation, (3) the litigation risks faced by the parties, (4) whether the settlement was reached by experienced counsel following arm's-length negotiation, and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F.Supp. 2d 332 (S.D.N.Y. 2012). The determination of whether a settlement is reasonable "does not involve the use of a mathematical equation yielding a particularized sum." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005). Rather, "there is a range of reasonableness . . . which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Id*. It may therefore be fair and reasonable to settle for a portion of the potential recovery. *See Sys. Of Louisiana v. A.C.L.N. Ltd.*, No. 01 Civ. 11814 (LAP), 2004 WL 2997957, at *5 (S.D.N.Y. May 14, 2004).

Defendant appears to have employed Plaintiff as a bartender at approximately 175 weddings and/or private events. Based on the approximate/estimated cost per event and assuming a modest 16% average tip, shared between the entire waitstaff, Plaintiff counsel estimates that, should Plaintiff prevail on his FLSA and NYLL claims, he would be entitled to recover roughly the settlement amount in unpaid wages. This settlement is fair and reasonable considering the length of Plaintiff's employment, the estimated value of the allegedly misappropriated tips, and the risks and costs of continued litigation. The terms of this settlement were reached after extensive arm's-length negotiations between counsel.

**Attorneys' Fees Should Be Awarded**

Plaintiff's counsel's fee request is fair and reasonable. Plaintiff engaged counsel on a contingency fee basis, pursuant to which counsel is entitled to one-third of any recovery plus reasonable costs. A copy of that engagement agreement is annexed hereto as **Exhibit 2**. Counsel requests $8,334, representing slightly less than one-third of the settlement amount. Courts have routinely found requests for up to one-third of a settlement to be fair and reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15 Civ. 4145 (ADS)(SIL), 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") For the foregoing reasons, Plaintiff's counsel's fee request of $8,334 should be approved. Defendant takes no position with Plaintiff's counsel's application for fees.

**Conclusion**

For the reasons set forth above, the Parties respectfully request this Court approve the Agreement as fair and reasonable and dismiss this action.

| | |
|---|---|
| _/s/ Zachary Naidich_____ | __/s/ Devin S. Cohen_____ |
| Zachary Naidich | Devin S. Cohen |
| Naidich Law | Fox Rothschild LLP |
| 137 5th Ave., 9th Fl. | 101 Park Ave., 17th Fl. |

| | |
|---|---|
| New York, NY 10010 | New York, NY 10178 |
| ZNaidich@naidichlaw.com | dscohen@foxrothschild.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |